IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  3:06CR719 |
|  | ) |  |
| v. | ) | Chief Judge James G. Carr |
|  | ) |  |
| MOHAMMAD ZAKI AMAWI, | ) | GOVERNMENT'S RESPONSE IN |
| MARWAN OTHMAN EL-HINDI, | ) | OPPOSITION TO DEFENDANT |
| WASSIM I. MAZLOUM, | ) | EL HINDI'S MOTION *IN LIMINE* |
|  | ) | TO EXCLUDE PHOTOGRAPHIC |
| Defendants. | ) | AND VIDEO EVIDENCE |

Now comes the United States of America, by and through its counsel Gregory A. White, United States Attorney for the Northern District of Ohio, and Thomas E. Getz, Justin E. Herdman and Gregg N. Sofer, Assistant United States Attorneys, and Department of Justice Trial Attorneys Jerome J. Teresinski and David I. Miller, and respectfully requests that this Honorable Court deny Defendants' motion *in limine* seeking to exclude photographic and video evidence, for the reasons stated herein.

In his motion dated January 4, 2008, defendant Marwan El Hindi (hereinafter "El Hindi") requested that this Court prohibit the government from introducing "certain photographic and video evidence on the ground that the probative value of such evidence is

substantially outweighed by the danger of unfair prejudice." <u>Def. Mot.</u>, at 2.  El Hindi further

requested that this Court order that "any photograph or video that the government wishes to

publish to the jury must be provided to the defense the night before it would be offered." <u>Id</u>.

This second request is based on El Hindi's belief that it would be "impractical, if not impossible"

to identify such photographs and videos before the commencement of trial.  <u>Id</u>.

     As an initial matter, the government notes that this Court's prior pretrial orders have

envisioned an exchange of witness and exhibit lists between the parties to take place at some

point prior to trial.  <u>See</u>, <u>e.g.</u>, <u>Order of Pretrial Conference</u> (May 8, 2007).  The government still

anticipates such a pretrial exchange of witness and exhibit lists.  Thus, El Hindi's motion is at the

very least premature.  Since the government will provide a list of proposed exhibits to the

defendants prior to the initiation of trial, El Hindi will be able to register specific objections to

certain proffered exhibits well in advance of the beginning of trial.  This will nullify the need for

the consideration of these exhibits on a rolling basis throughout the trial.  The government

therefore requests that this Court either deny El Hindi's motion at this point (with leave to

renew) or reserve decision until such point as the defendant can object to specific exhibits

proffered by the government.

     Notwithstanding the unripe nature of El Hindi's objections, the government does

propose, as a general matter, that certain photographs and videos that were downloaded, viewed,

possessed, collected or distributed by the defendants are admissible under the Federal Rules of

Evidence.[1]  First, such evidence is relevant.  Rule 401 of the Federal Rules of Evidence defines

"relevant evidence" as "evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be

without the evidence."  Further, Rule 402 states that "[a]ll relevant evidence is admissible"

except as otherwise provided under federal law and the federal rules.  Although it is difficult to

address the relevancy of an abstract set of photographs and videos, as a general matter such

evidence is relevant on the government's direct case for several reasons, including: i) the

evidence demonstrates ownership or possession of certain computers, removable media, and

other items seized from the defendants; ii) the evidence will corroborate the expected testimony

of certain government witnesses; iii) the evidence is directly relevant to the existence of a

conspiracy between and amongst the defendants;  iv) the evidence is directly relevant to the

defendants' intent to commit the charged crimes; v) the defendants' motive to commit the

charged crimes; and vi) the defendants' knowledge regarding certain charged crimes.  *See*, *e.g.*,

*United States v. Bakke*, 942 F.2d 977, 983 (6th Cir. 1991) (intent is an element required to be

proven in most criminal prosecutions, thus the government should be permitted to offer evidence

that tends to prove intent during its direct case); *United States v. Hammoud*, 381 F.3d 316, 340-

342 (4th Cir. 2004) (videotapes depicting speeches by Hizballah leaders were probative of

defendant's intent and knowledge of the terrorist objectives of Hizballah); *United States v.

Salameh*, 152 F.3d 88, 110-111 (2d Cir. 1998) (*per curiam*) (rejecting a Rule 403 challenge to

---

[1] To the extent that El Hindi's objections to the broad universe of photographs and videos obtained from the defendants are based on the sheer number of these items, the volume of such evidence to be introduced on the government's direct case is relatively slight.  There are unlikely to be one hundred, let alone hundreds, of such photographic and video exhibits introduced on the government's case in chief, thus allaying perhaps one of El Hindi's concerns regarding these photographs and videos.  See Def. Mot., at 2 ("Contained on [the computers and disks seized from the defendants] are hundreds of photographs and videos that depict the disturbing realities of war.").

the admission of certain evidence, including a video of the bombing of an American embassy

and instructions for making explosive devices, by defendant in the 1993 World Trade Center

bombing case); *United States v. Abdi*, 498 F.Supp.2d 1048, 1071-1072 (S.D. Ohio 2007)

(admitting certain photographs of jihadist and terrorist imagery in prosecution for providing

material support to terrorists as probative of defendant's intent, motive, and possession of certain

computers).

Second, the photographs and videos that El Hindi seeks to preclude are admissible under

Rule 403 of the Federal Rules of Evidence.  Again, the nature of El Hindi's motion requires the

government to analyze these photographs and videos in the most generic fashion.  Taken either

as a whole or individually, however, such evidence is not barred by Rule 403, which states that

relevant evidence "may be excluded if its probative value is substantially outweighed by the

danger of unfair prejudice..."[2]  Determinations under Rule 403 are weighted in favor of the

admission of relevant evidence.  *United States v. Logan*, 250 F.3d 350, 368 (6th Cir. 2001) ("In

reviewing Rule 403 challenges to the district court's decision to admit certain evidence, we

maximize the probative value of the evidence and minimize its potential prejudice to the

defendant."); *United States v. Sassanelli*, 118 F.3d 495, 498 (6th Cir. 1997) (same).  Further, the

Rule does not prohibit admission of evidence where the sole prejudicial effect necessarily

inculpates the defendant.  *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996) (*citing*

*United States v. Mullins*, 22 F.3d 1365, 1373 (6th Cir. 1994)) ("Evidence that is prejudicial only

in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule

---

[2] Rule 403 also provides for exclusion of relevant evidence where the probative value of such evidence is substantially outweighed by the danger of confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  El Hindi's motion apparently does not seek to preclude any photographs and videos on any grounds but unfair prejudice.

403."); *United States v. Wesley*, 417 F.3d 612, 622 (6th Cir. 2005) (*quoting United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988) (Unfair prejudice "does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis."); *United States v. Abdi*, *supra*, 498 F.Supp.2d at 1071. In his motion, El Hindi does not address the relative probative value of the photographs and videos, but instead states simply that the evidence presents a danger of "unfair prejudice."[3] For the same reasons that the photographs and videos (in general) may be considered relevant, the government proposes that they are likewise highly probative.

Despite the government's opposition to El Hindi's motion *in limine*, the defendant has made a reasonable proposal to litigate the admissibility of the government's proposed exhibits (including photographic and video evidence) at some point prior to the offering of such items into evidence. To the extent that El Hindi proposes litigating the admissibility on a rolling basis throughout trial, the government does object on the grounds that such a mechanism will be both unnecessary and unduly burdensome on all the parties. Instead, the government anticipates providing a proposed exhibit list at some point prior to trial, with identification of any photographic and video items made at that time. Should El Hindi wish to renew specific objections to these proposed exhibits at that time, the government requests an opportunity to respond in a like manner.

---

[3] Of course, the fact that some of these photographs and videos depict violent deeds (or their aftermath) should not be excluded purely because this defendant is charged with terrorist crimes. Where a defendant is charged with a violent crime, he should not be able to shield himself under the banner of "unfair prejudice" simply because the photographs or videos depict similar acts.

5

Based on the foregoing, the Government respectfully request this Honorable Court deny Defendant's motion in its entirety with leave to renew, or to reserve decision until the parties have exchanged witness and exhibit lists.

Respectfully submitted,

GREGORY A. WHITE
United States Attorney

By:    /s/Thomas E. Getz
Thomas E. Getz
Assistant U.S. Attorney
Reg. No. 0039786
801 West Superior Avenue
Cleveland, Ohio  44113
Tel. No.:  (216) 622-3840
Fax No.:  (216) 685-2378
E-mail:  thomas.getz@usdoj.gov

By:    /s/Justin E. Herdman
Justin E. Herdman
Assistant U.S. Attorney
Reg. No. 0080418
801 West Superior Avenue
Cleveland, Ohio  44113
Tel. No.:  (216) 622-3965
Fax No.:  (216) 685-2378
E-mail:  justin.herdman@usdoj.gov

By:    /s/David I. Miller
David I. Miller
Trial Attorney
Registration No. 2959369 (NY)
U.S. Department of Justice
Counterterrorism Section
10th & Constitution Avenue, N.W.
Washington, DC 20530
Telephone: (202) 353-2440
Facsimile:  (202) 514-8714
E-mail: david.miller@usdoj.gov

6

By: /s/Gregg N. Sofer
   Gregg N. Sofer
   Assistant U.S. Attorney
   Registration No. 106209 (NY)
   816 Congress Avenue, Frost Bank Plaza
   Austin, Texas 78701
   Tel. No.: (512) 916-5858
   Fax No:  (512) 916-5854
   E-mail: gregg.sofer@usdoj.gov

By: /s/Jerome J. Teresinski
   Jerome J. Teresinski
   Trial Attorney
   Registration No. 66235 (PA)
   U.S. Department of Justice
   Counterterrorism Section
   10th & Constitution Avenue, N.W.
   Washington, DC  20530
   Telephone: (202) 514-7146
   Facsimile:  (202) 514-8714
   E-mail: jerome.teresinski@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 10th day of February, 2008, a copy of the foregoing *Government's Response in Opposition to Defendant El Hindi's Motion In Limine to Preclude Photographic and Video Evidence* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

/s/ Justin E. Herdman
Justin E. Herdman
Assistant U. S. Attorney

7