```
1                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF OHIO
2                          WESTERN DIVISION

3   UNITED STATES OF AMERICA,    -  Docket No. 3:06-CR-719
                                 -
4       Plaintiff,               -  Toledo, Ohio
                                 -  February 24, 2007
5            v.                  -  Detention Hearing
                                 -
6   MARWAN OTHMAN EL-HINDI,      -
    et al.,                      -
7                                -
        Defendants.              -
8   ------------------------------

9             TRANSCRIPT OF DETENTION HEARING
           BEFORE THE HONORABLE JAMES G. CARR
10          UNITED STATES DISTRICT CHIEF JUDGE

11  APPEARANCES:

12  For the Plaintiffs:   United States Attorneys' Office
                          By:  Thomas E. Getz
13                        801 Superior Avenue, W
                          Cleveland, OH 44113
14                        (216) 622-3840

15                        Office of the U.S. Attorney- Austin
                          By:  Gregg N. Sofer
16                        816 Congress Avenue
                          Austin, TX 78701
17                        (512) 916-5858

18                        United States Attorneys' Office
                          By:  David O. Bauer
19                        Four SeaGate, Suite 308
                          Toledo, OH 43604
20                        (419) 259-6376

21
    For the Defendant:    Kerger & Hartman
22                        By:  Stephen D. Hartman
                               Richard M. Kerger
23                        Suite 201
                          33 South Michigan Street
24                        Toledo, OH 43602
                          (419) 255-5990
25
```

```
 1   Court Reporter:          Tracy L. Spore, RMR, CRR
                              1716 Spielbusch Avenue
 2                            Toledo, Ohio 43624
                              (419) 243-3607
 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Proceedings recorded by mechanical stenography,
     transcript produced by notereading.
25
```

13:35:16　1　　　　　　　　(Commenced at 1:35 p.m.)

13:35:22　2　　　　　　THE COURT:　The case before the Court this

13:35:26　3　afternoon is United States of America versus Marwan

13:35:28　4　El-Hindi, case 3:06-CR-719.　Present in court this

13:35:34　5　afternoon is Mr. David Bauer, supervisory assistant

13:35:40　6　United States attorney; also present is Mr. Tom Getz,

13:35:44　7　Assistant United States Attorney from Cleveland; and Mr.

13:35:48　8　Greg Sofer, trial attorney with the Department of

13:35:50　9　Justice.　Also present is the defendant, Marwan Othman

13:35:56　10　El-Hindi; together with his counsel, Mr. Richard Kerger

13:36:00　11　and Mr. Steve Hartman.

13:36:02　12　　　　　　Are the parties ready to proceed?

13:36:04　13　　　　　　MR. HARTMAN:　The defendant is, Your Honor.

13:36:06　14　　　　　　MR. GETZ: On behalf of the government, we

13:36:08　15　are ready to proceed, Your Honor.

13:36:10　16　　　　　　THE COURT:　Thank you.　This case comes

13:36:14　17　before the Court for a detention hearing.　The

13:36:16　18　defendant, Mr. El-Hindi, was charged in an indictment

13:36:18　19　that was filed on February 16, 2006 in Counts 1 and 2 of

13:36:26　20　a five-count indictment.

13:36:28　21　　　　　　Count 1 of the indictment charges a

13:36:30　22　conspiracy to kill, kidnap, maim, or injure persons

13:36:36　23　outside of the United States in violation of Title 18 of

13:36:38　24　the United States Code, Section 956(a)(1).　The penalty

13:36:46　25　if convicted would be a term of any years to life in the

13:36:54  1   event of killing or kidnapping.  With respect to the

13:36:56  2   conspiracy to maim, the maximum penalty is up to 35

13:37:02  3   years.  A fine of $250,000 could be imposed pursuant to

13:37:06  4   the statute.  Following a term of imprisonment, the

13:37:12  5   defendant would be subject to a period of supervised

13:37:14  6   release of up to five years.

13:37:16  7          With respect to the second count that Mr.

13:37:20  8   El-Hindi is charged with, that is a conspiracy to

13:37:22  9   provide material support to terrorists in violation of

13:37:26  10  Title 18 of the United States Code, Section 2339A, the

13:37:32  11  penalty for conviction is up to 15 years imprisonment.

13:37:38  12  However, if death occurs, any term of years up to life

13:37:42  13  could be imposed.  A fine of up to $250,000 would also

13:37:48  14  apply upon conviction.

13:37:50  15         The defendants would also -- the defendant

13:37:52  16  would also be required to pay a $100 special assessment

13:37:56  17  for each count for which he is convicted.

13:38:02  18         At the initial appearance and arraignment

13:38:04  19  the government provided an estimated sentencing

13:38:08  20  guideline range of approximately 360 months to life; is

13:38:14  21  that correct, Mr. Bauer -- Mr. Getz?

13:38:16  22         MR. GETZ:  It is, Your Honor.

13:38:18  23         THE COURT:  And the Court explains to the

13:38:20  24  defendant that this guideline range is advisory.  It is

13:38:24  25  not binding upon the District Court.  It is one of the

13:38:26    1    factors that the Court would consider if the defendant

13:38:28    2    is convicted and at the time of sentencing, the Court is

13:38:32    3    imposing a reasonable sentence.

13:38:36    4            At the end of the arraignment on February

13:38:42    5    21, 2006, the government moved for detention and

13:38:46    6    asserted the statutory presumption against release

13:38:50    7    because the defendant was charged with a violation of

13:38:54    8    Title 18 of the United States Code, Section 956(a), and

13:39:00    9    the filing of an indictment constitutes probable cause.

13:39:06   10    The presumption shifts the burden of production to the

13:39:10   11    defendant to show that his release would not pose a

13:39:14   12    danger to the community and there is not a likelihood

13:39:18   13    that he would flee.

13:39:20   14            Mr. Kerger, are you prepared to go forward

13:39:22   15    this afternoon?

13:39:24   16            MR. KERGER:  Your Honor, at this point we've

13:39:24   17    not had the opportunity to complete the arrangements as

13:39:28   18    we think would be necessary to convince the Court the

13:39:32   19    presumption has been overcome.  So at this point we're

13:39:34   20    willing to consent to his detention with the government

13:39:36   21    with the reservation of our right to revisit this issue.

13:39:40   22            THE COURT:  Thank you.  May I inquire of

13:39:42   23    your client?

13:39:42   24            MR. KERGER:  You may, Judge.

13:39:46   25            THE COURT:  Mr. El-Hindi, you heard the

13:39:48  1  statement of your lawyer that you are consenting to

13:39:52  2  detention today because you have not had an opportunity

13:39:54  3  to present conditions of release.  Do you agree with

13:40:00  4  that statement?

13:40:00  5          THE DEFENDANT:  Yes.

13:40:02  6          THE COURT:  Have you had adequate time to

13:40:04  7  talk to your lawyers about consenting to detention?

13:40:06  8          THE DEFENDANT:  Yes.

13:40:10  9          THE COURT:  Has anyone attempted to force or

13:40:12  10  coerce you into consenting to detention?

13:40:14  11          THE DEFENDANT:  No.

13:40:14  12          THE COURT:  Prior to the hearing today over

13:40:18  13  the past 48 hours have you consumed any substance or

13:40:22  14  medication that would affect your ability to understand

13:40:24  15  what's going on here today?

13:40:26  16          THE DEFENDANT:  No.

13:40:26  17          THE COURT:  Your mind is clear?

13:40:26  18          THE DEFENDANT:  Yes.

13:40:28  19          THE COURT:  You know why you're here?

13:40:28  20          THE DEFENDANT:  Yes.

13:40:30  21          THE COURT:  Thank you.  Mr. Getz -- or

13:40:34  22  which lawyer speaks for the government?

13:40:36  23          MR. GETZ:  Mr. Getz, Your Honor.

13:40:38  24          THE COURT:  Mr. Getz, do you have any

13:40:40  25  objection to the defendant's position?

| | | |
|---|---|---|
| 13:40:42 | 1 | MR. GETZ: No, Your Honor. |
| 13:40:44 | 2 | THE COURT: Thank you. Based upon the |
| 13:40:48 | 3 | defendant's consent to detention, the Court will order |
| 13:40:52 | 4 | that the defendant continue to be detained inasmuch as |
| 13:40:58 | 5 | no conditions of release have been presented which would |
| 13:41:00 | 6 | reasonably assure the safety of the community and the |
| 13:41:04 | 7 | defendant's appearance at future court proceedings. |
| 13:41:08 | 8 | The Court would note, as Mr. Kerger pointed out, that |
| 13:41:10 | 9 | the defendant has a statutory right to reopen the |
| 13:41:14 | 10 | detention issue. So when you have conditions of |
| 13:41:18 | 11 | release that have been presented to Pretrial Services |
| 13:41:20 | 12 | and investigated by them, the Court will hold another |
| 13:41:24 | 13 | hearing on the issue of pretrial release or detention. |
| 13:41:28 | 14 | Is there anything further, Mr. Kerger or Mr. |
| 13:41:30 | 15 | Hartman? |
| 13:41:30 | 16 | MR. HARTMAN: Actually there is, Judge. At |
| 13:41:32 | 17 | this time we wanted to make the Court aware we do have a |
| 13:41:34 | 18 | couple problems. As you're aware, our client is being |
| 13:41:38 | 19 | detained up at FCI Milan. We understand it is not |
| 13:41:42 | 20 | within the purview of the United States Attorney's |
| 13:41:46 | 21 | Office. We do have a problem in that he's not been able |
| 13:41:48 | 22 | to call us. He's not been able to keep materials that |
| 13:41:52 | 23 | we have given him. And we've been informed by the |
| 13:41:56 | 24 | institution there that we are only able to see him for a |
| 13:41:58 | 25 | period of three hours per week, every Thursday from |

13:42:02  1  12:30 to 3:30.  We would like to enter an objection on

13:42:08  2  the record to the Court for that.

13:42:10  3  Additionally, we would ask that if the Court

13:42:14  4  would be willing to enter an order that the phones in

13:42:18  5  our offices not be tapped or otherwise monitored during

13:42:22  6  the pendency of the case, particularly without the

13:42:26  7  supervision of a properly issued warrant.

13:42:30  8  THE COURT:  Mr. Getz, would you like to

13:42:32  9  respond?

13:42:32  10  Thank you, Mr. Hartman.

13:42:32  11  MR. GETZ: Your Honor, I assume that the

13:42:34  12  request relative to the monitoring of calls, the tapping

13:42:40  13  of phones is in reference to calls to or from the

13:42:42  14  prison, essentially the inmates' calls that are being

13:42:46  15  monitored.  My understanding is that is the Bureau of

13:42:50  16  Prison's policy nationwide.  The United States

13:42:52  17  Attorney's Office does not have any ability to do

13:42:56  18  anything in regards to that policy.  We have not

13:42:58  19  requested it, and we don't control that.

13:43:02  20  These are perhaps matters that could be

13:43:08  21  brought up with the Court at the status conference.

13:43:12  22  THE COURT:  All right.  Thank you.  The

13:43:14  23  Court was aware, Mr. Hartman, of your concerns before

13:43:18  24  the hearing today.  I've addressed them with the U.S.

13:43:20  25  Marshal Service, and they are looking into your

13:43:24    1   allegations, and hopefully by the time you have your

13:43:28    2   status conference with Judge Carr, the Marshal Service

13:43:30    3   will have some answers to your questions, and perhaps

13:43:34    4   before we leave the building today Mr. Harlow might be

13:43:38    5   able to address some of those issues.

13:43:40    6            MR. HARTMAN:  Thank you, Judge.

13:43:42    7            THE COURT:  That will complete this hearing

13:43:42    8   if there's nothing further.  Is there anything further

13:43:46    9   from the government?

13:43:46   10            MR. GETZ: Your Honor, only I understand

13:43:48   11   there is a status conference scheduled.

13:43:50   12            THE COURT:  There is a status conference

13:43:52   13   scheduled with Chief Judge Carr on Tuesday, March 7 at

13:43:56   14   noon.  It will be a telephone status conference; you

13:44:00   15   can participate by telephone.

13:44:02   16            MR. GETZ:  Thank you.  I have nothing

13:44:04   17   further from the government.

13:44:04   18            THE COURT:  Anything further from defendant?

13:44:06   19            MR. HARTMAN:  No.  Thank you.

13:44:08   20            THE COURT:  That will complete this hearing.

13:47:04   21            (Concluded at 1:47 p.m.)

           22                              -  -  -

           23

           24

           25

1

**C E R T I F I C A T E**

2

3       I certify that the foregoing is a correct transcript

4  from the record of proceedings in the above-entitled

5  matter.

6

7  /s Tracy L. Spore_____              _____

8  Tracy L. Spore, RMR, CRR                    Date

13:47:06   9

13:47:06   10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25